```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,            :

       - against -                    :       MEMORANDUM DECISION

JOSEPH SHERESHEVSKY,                  :       08 Cr. 1092-02 (DC)

                  Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/15

APPEARANCES:   PREET BHARARA, ESQ.
               United States Attorney for the
               Southern District of New York
               One Saint Andrew's Plaza
               New York, New York 10007

               KALMON GLOVIN, ESQ.
               Law Office of Kalmon Glovin
               Attorney for Defendant
               5521 New Utrecht Avenue
               Brooklyn, New York 11219

**CHIN, Circuit Judge:**

On February 3, 2011, defendant Joseph Shereshevsky pled guilty to securities fraud and mail fraud and related conspiracy charges, in violation of 18 U.S.C. §§ 78(b), 371, and 1341. On July 18, 2011, I sentenced him principally to 262 months' imprisonment.

Shereshevsky thereafter moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. Nos. 129, 129-1, 130, 131). As discussed below, the motion is barred by a provision in his plea agreement waiving his right to appeal or collaterally attack his conviction. In addition, even assuming the motion is not barred, Shereshevsky's claims of ineffective assistance of counsel and conflict of interest are without merit. Accordingly, the motion is **DENIED**.[1]

---

[1] Because I find that "it plainly appears from the motion . . . and the record of prior proceedings that [Shereshevsky] is not entitled to relief," I do not order the United States Attorney to file an answer to the instant

## BACKGROUND

### A. The Facts

Shereshevsky was a principal of WexTrust Capital, a private equity company purportedly specializing in real estate investment and specialty finance opportunities. (PSR ¶¶ 11, 12). Shereshevsky and his codefendant, Steven Byers, engaged in a massive Ponzi scheme utilizing numerous WexTrust affiliates. (Id. ¶ 13). Between 2003 and 2008, Shereshevsky and Byers raised funds from investors, typically through private placement memoranda that contained material misrepresentations or omissions. (Id. ¶¶ 13-15). For example, the documents failed to disclose that Shereshevsky had a criminal background. (Id. ¶ 14). In addition, Shereshevsky and Byers diverted portions of the invested funds for purposes other than those specified in the private placement memoranda. (Id. ¶ 13).

Shereshevsky used his social and religious standing to exploit members of his own community. (Sent. Tr. at 48-50). Ultimately, he was responsible for losses of approximately $9 million dollars and more than 90 victims were defrauded. (PSR ¶ 58).

### B. Prior Proceedings

#### 1. Plea

Shereshevsky was indicted on November 10, 2008 for conspiracy to commit securities and mail fraud and securities fraud. (Dkt. No. 30). Superseding indictments adding additional counts, including mail fraud, were filed on July 28, 2009 and August 31, 2010. (Dkt. Nos. 61, 82).

---

motion. See Rules Governing Section 2255 Proceedings for the U.S. Dist. Courts 4(b); Armienti v. United States, 234 F.3d 820, 823 (2d Cir. 2000).

During the proceedings in this Court, Shereshevsky was represented by eleven different attorneys. (Dkt. Sheet).[2] In part because of his difficulties with his lawyers, the trial was adjourned several times. (Id. at 8, 12, 13, 14, 17, 20, 23, 24). On October 18, 2010, I adjourned the trial to February 22, 2011. (Id. at 21).

On February 3, 2011, just three weeks before the scheduled start of trial, I was advised that Shereshevsky had obtained new counsel and that he was prepared to plead guilty. (Plea Tr. at 2-3). The new counsel advised that he had been discussing the possibility of a plea with Shereshevsky for some six to eight weeks. (Id. at 4-5). He reported that both he and his predecessor counsel had advised Shereshevsky on "the wisdom of pleading guilty." (Id. at 5). Indeed, Shereshevsky confirmed that he had had a full opportunity to discuss the consequences of pleading guilty with both new counsel and predecessor counsel. (Id. at 8). In response to my questions, he explained as follows:

> Q. Have you had a full opportunity to discuss your case with [new counsel] and to discuss the consequences of pleading guilty?
>
> A. Yes.
>
> Q. Are you satisfied with your attorney, [new counsel], and his representation of you?
>
> A. Yes.
>
> Q. ... I know you and I have had some discussions over the months about your prior lawyers, ..., and you have expressed some dissatisfaction with what you perceive to be deficiencies. Have you had a sufficient opportunity to discuss the question of pleading guilty with [new counsel]?
>
> A. Can I stand up?

---

[2] These included: Michael F. Bachner, Martin Siegel, John C. Meringolo, Michael O. Hueston, Susan Necheles, Jaye Ballard, Richard H. Rosenberg, Michael P. Kushner, Mark Harris, Daniel P. Hughes, and Kalmon Glovin, some of whom were retained and some of whom were appointed under the Criminal Justice Act, and some of whom represented Shereshevsky at the same time as co-counsel.

> Q. You can stand, whatever you prefer. I thought you might prefer sitting.
>
> A. The reason I wanted to stand up is to give these two lawyers [prior counsel] the honor that they deserve and I really appreciate all the help that they have given me. I have in the last month and a half on a couple of occasions discussed with them what [new counsel's] input was and they were extremely helpful. So I would like to say thank you to them.

(Id. at 8).

Following further colloquy, and pursuant to a written plea agreement, Shereshevsky pled guilty to conspiracy to commit securities fraud, securities fraud, and mail fraud. (Id. at 32-33). The plea agreement provided for a total offense level of 35 and a criminal history category of III, for a Guidelines range of 210 to 262 months. (Plea Agr. at 4). As part of the plea agreement, Shereshevsky waived his right to appeal or otherwise challenge, including by motion under 28 U.S.C. §§ 2241 and 2255, any sentence within the stipulated Guidelines range of 210 to 262 months. (Id. at 5). During his plea allocution, Shereshevsky confirmed that he was waiving his right to challenge his sentence, as the following colloquy makes clear:

> Q. Now, do you understand that in the plea agreement, . . . you are waiving your right to appeal or to otherwise try to challenge the conviction or the sentence if I sentence you within the stipulated guidelines range?
>
> Do you understand that?
>
> A. Yes.
>
> Q. And the stipulated guidelines range is 210 to 262 months.
>
> A. Yes.
>
> Q. And if I sentence you to 262 months or anything less, you would have no right to appeal. You would have no right to bring a 2255 or 2241 or any other application to try and challenge the conviction or the sentence.

>    Do you understand that?
>
> A.    I don't know what those numbers mean but I know I can't challenge, yes.
>
> Q.    And you can't even challenge it on the basis of ineffective assistance of counsel. That is what I want you to understand.
>
> A.    Yes.
>
> Q.    Do you understand that?
>
> A.    Yes.

(Id. at 9-10). Later in the same hearing, I returned to the issue:

> Q.    Now, we went over the waiver before of the right to appeal or otherwise try to challenge your sentence and, again, do you understand that you have waived your right to appeal or otherwise try to challenge any sentence of 262 months in prison or anything less?
>
> A.    Yes.

(Id. at 19). Shereshevsky also confirmed that he had discussed the plea agreement with counsel and fully understood it before he signed it. (Id. at 20). In the end, I found that Shereshevsky understood his rights and was waiving them and that he was pleading guilty knowingly and voluntarily, and I therefore accepted the plea. (Id. at 33; see also id. at 6-8).

### 2. Sentencing

In the PSR, the Probation Department accepted the parties' agreement and calculated a Guidelines range of 210 to 262 months. (PSR ¶¶ 73, 132). Shereshevsky appeared for sentencing on July 18, 2011. I likewise accepted the parties' sentencing calculation, and I found that the total offense level was 35, the criminal history category was III, and the Guidelines range was 210 to 262 months. (Sent. Tr. at 44). I sentenced Shereshevsky principally to 262 months' imprisonment. (Sent. Tr. at 52).

### 3. Appeal

On August 29, 2011, Shereshevsky filed a Notice of Appeal. (Dkt. No. 120). The government moved to dismiss the appeal as barred by the waiver of appellate rights contained in Shereshevsky's plea agreement or, alternatively, for summary affirmance. (Dkt. No. 122). His appellate counsel (yet another attorney) sought permission to withdraw as counsel pursuant to Anders v. California, 386 U.S. 738 (1967). On April 2, 2012, the Second Circuit granted the government's motion as well as appellate counsel's request to withdraw. (Dkt. No. 122). Shereshevsky did not petition for a writ of certiorari. (Dkt. Sheet).

### 4. The Present Motion

On June 28, 2013, represented by present counsel, Shereshevsky attempted to file the instant motion, but the papers were rejected for filing errors. (Id. at 28). The papers were rejected again on July 1, 2013. (Id. at 28-29). They were finally accepted on September 10, 2013. (Dkt. Nos. 129, 129-1, 130, 131).

## DISCUSSION

I discuss (a) the timeliness of this motion, (b) whether the motion is barred by the waiver in the plea agreement, and (c) the merits.

### A. Timeliness

A defendant seeking relief pursuant to 28 U.S.C. § 2255 must file his motion within one year from "the date on which judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Shereshevsky was convicted on July 18, 2011, and the Second Circuit dismissed his appeal on April 2, 2012. Because he did not file a petition for a writ of certiorari, his judgment of conviction became final ninety days after his appeal was dismissed. See Clay v. United States, 537 U.S. 522, 527 (2003) (holding that "finality attaches . . . when the time for filing a

certiorari petition expires"); Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case . . . is timely . . . within 90 days after entry of the judgment."). Accordingly, Shereshevsky's judgment became final on July 2, 2012, making July 2, 2013 the deadline for him to file a timely § 2255 petition.

Shereshevsky filed this motion on September 10, 2013, ten weeks after the deadline. He first tried, however, to file the papers on June 28, 2013, but the papers were rejected for clerical reasons. I will give him the benefit of the doubt and deem the papers filed nunc pro tunc to June 28, 2013. Accordingly, I will deem them timely filed.

### B. Waiver

Shereshevsky contends that he did not knowingly waive his right to challenge his conviction and sentence, arguing that he was not informed that a "waiver of post-conviction remedies is not automatic with a guilty plea and that in his particular situation he was waiving such rights by virtue of the provision set for in the plea agreement." (Dkt. No. 130 at 2). He further argues that his lack of understanding is evidenced by his comment, "I don't know what those numbers mean," while being informed that he was waiving his "right to bring a 2255 or 2241 or any other application to . . . challenge the conviction or sentence." (Plea Tr. at 9).

#### 1. Applicable Law

The courts have long held that "a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable." United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998); accord United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011). Otherwise, the plea bargaining process would quickly be rendered meaningless. See United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). And "[i]n no circumstance . . . may a defendant, who has secured the benefits of a plea agreement and

knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement." Id.

When a defendant has waived his right to appeal or collaterally attack his sentence, any challenge to the enforceability of his plea is limited to the constitutionality of the process by which it was entered. United States v. Hernandez, 242 F.3d 110, 114 (2d Cir. 2001) (per curiam). Hence, courts will not enforce an appellate waiver when a "defendant claims that the plea agreement was entered into without effective assistance of counsel." Id. at 113-14. The review, however, is limited to "the constitutionality of the process by which the plea agreement was consummated. If the constitutionality of that process passes muster, the plea agreement's waiver would bar any consideration by the appellate court of issues that fall within the scope of the waiver." Id. at 114.

In determining whether a plea agreement was entered into knowingly and voluntarily, the Court is entitled to rely on a defendant's statements made at the plea allocution, id. at 112, including statements that the defendant was previously satisfied with counsel and understood the terms of the plea agreement. United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (per curiam). "[S]tatements at a plea allocution carry a strong presumption of veracity." United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997).

Waivers of the right to collaterally attack a sentence are enforceable under the same principles as a waiver of the right to file a direct appeal. Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001).

2. **Application**

The record is clear that Shereshevsky knowingly and intelligently waived the right to appeal or otherwise collaterally attack his conviction.